IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICENTE A. TEJEDA,<br><br>           Plaintiff,<br><br>    vs.<br><br>DAVID JOSEPH RIPP, PROGRESSIVE NORTHERN INS CO., and PROGRESSIVE INSURANCE,<br><br>           Defendants. | **8:24CV196**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Plaintiff's Complaint. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis ("IFP"). *See* Filing No. 2. The Court will now conduct an initial review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

      Plaintiff seeks to recover $250,000.00 in damages for personal injuries and property damage stemming from an automobile accident. Filing No. 1 at 4. Plaintiff asserts that "Defendant," was operating a motor vehicle while intoxicated, causing an accident that injured Plaintiff. *Id.* Plaintiff makes no other factual allegations.

## II. STANDARDS ON INITIAL REVIEW

      The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted,

or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

In evaluating Plaintiff's claims, the Court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must

dismiss the action."). Furthermore, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Here, Plaintiff seeks damages from Defendants arising out of an automobile accident and indicates that the basis for the Court's jurisdiction is federal question. Filing No. 1 at 3. Upon review, however, the Complaint fails to establish that the Court may properly exercise subject matter jurisdiction over Plaintiff's claims.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction of the federal district courts over civil actions is generally set forth in 28 U.S.C. §§ 1331 and 1332. Subject-matter jurisdiction under 28 U.S.C. § 1331, commonly referred to as "federal question" jurisdiction, is proper when a plaintiff asserts a claim arising under a federal statute, the Constitution, or treaties of the United States. *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990).

Here, the allegations of Plaintiff's Complaint do not establish the requisite "federal question" for the Court to exercise jurisdiction under § 1331. Plaintiff indicates that this action arises under 36 C.F.R. § 4.23(a), which prohibits operating a vehicle while intoxicated, on lands owned or administered by the National Parks Service or the District of Columbia. *See id.*; *see also* 36 C.F.R. §§ 1.2, 4.1. Section 4.23 does not provide for a private right of action, nor does it confer subject matter jurisdiction over this case.

3

Plaintiff appears to assert claims under state tort law. Subject-matter jurisdiction for such claims may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff alleged an amount in controversy well above the requisite $75,000.00 amount. Filing No. 1 at 4. However, Plaintiff alleges that both he and David Ripp are citizens of Nebraska. *Id*. at 3-4. Because Plaintiff and at least one Defendant are citizens of Nebraska, diversity is lacking, and the Complaint's allegations fail to establish that subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332. On its own motion, the Court will give Plaintiff leave to amend his Complaint as set forth below.

## IV. CONCLUSION

Plaintiff's Complaint fails to establish grounds for the Court's subject matter jurisdiction. On the Court's own motion and out of an abundance of caution, Plaintiff will be given 30 days to file an amended complaint that clearly sets forth a basis for federal court jurisdiction. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint, Filing No. 1, and any new allegations. Plaintiff should be mindful to explain what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and on what basis this case belongs in *federal* court. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendants will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until July 16, 2025, to file an amended complaint that clearly sets forth a basis for this Court's jurisdiction. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

4. The Clerk of the Court is directed to set the following pro se case management deadline: **July 16, 2025**: check for amended complaint.

Dated this 16th day of June, 2025.

BY THE COURT:

*John M. Gerrard* (signature)

John M. Gerrard
Senior United States District Judge