IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICENTE A. TEJEDA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DAVID JOSEPH RIPP, PROGRESSIVE NORTHERN INS CO., and PROGRESSIVE INSURANCE,<br><br>　　　　　Defendants. | 8:24CV196<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint on May 30, 2024, Filing No. 1, and was granted leave to proceed in forma pauperis, Filing No. 6. He has moved to file an amended complaint, with the proposed amended complaint attached. Filing No. 11. That motion will be granted, and this memorandum and order will evaluate the amended complaint. Filing No. 11-1. The Court now conducts an initial review of Plaintiff's amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.　SUMMARY OF COMPLAINT

Plaintiff sues David Joseph Ripp, Progressive Northern Insurance Company, and Progressive Insurance to recover damages arising from a motor vehicle accident. The following summarizes the facts within his amended complaint. Filing No. 11-1.

On July 15, 2023, Plaintiff was injured in a motor vehicle accident that occurred in Kearney, Nebraska. Defendant Ripp was allegedly driving under the influence of alcohol and failed to maintain proper control of his vehicle. His vehicle collided with Plaintiff's vehicle, and because of the collision, Plaintiff

allegedly sustained serious bodily injuries, incurred substantial medical expenses and lost wages, and endured pain, suffering, and emotional distress. Plaintiff seeks damages.

Plaintiff's complaint contains no allegations against Defendants Progressive Northern Insurance Company and Progressive Insurance.

The complaint alleges Plaintiff is a resident of Lexington, Dawson County, Nebraska, and Defendant Ripp is a resident of Elm Creek, Buffalo County, Nebraska.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS

A plaintiff's complaint must sufficiently state the grounds for exercising federal subject matter jurisdiction. Fed. R. Civ. P. 8(a)(1). A federal court must dismiss a case if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Subject matter jurisdiction is proper where a plaintiff asserts a non-frivolous claim arising under federal law, commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Here, Plaintiff's complaint fails to state a claim arising under federal law. This Court lacks federal question jurisdiction.

Plaintiff's right to recover in this case, if any, is based on Nebraska state law. In such cases, a federal court may have subject matter jurisdiction pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. Diversity jurisdiction exists if "the citizenship of each plaintiff is different from the citizenship of each defendant," *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001), and the amount in controversy is greater than $75,000.00. 28 U.S.C. § 1332(b). Here, Plaintiff and Defendant Ripp are both Nebraska citizens. This Court lacks diversity jurisdiction.

## IV. CONCLUSION

Having liberally construed Plaintiff's pro se amended complaint, Filing No. 11-1, the Court concludes that Plaintiff's lawsuit must be dismissed for lack of subject matter jurisdiction.

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion to file an amended complaint, Filing No. 11, is granted, and the Court has considered the amended complaint, Filing No. 11-1, when performing this initial review.
2. This matter is dismissed without prejudice.
3. A separate judgment will be entered.

Dated this 26th day of September, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge